**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JAMES FRANCIS; DONNA FRANCIS,
Plaintiffs-Appellants,

v.

HELEN M. BARNES, Chairperson;
JANE D. WELLONS; BRENDA J.
JENNINGS; MICHAEL H. ANDERSON;
JOHN W. HANKLEY; ROBERT G.

ZAVA; ALVESTER L. EDMONDS; CAROL
COLLINS, Superintendent, in their
individual and official capacities;
OTHER UNKNOWN AGENTS; COUNTY OF
LUNENBERG, individually and
severally,
Defendants-Appellees.

No. 98-1236

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge.
(CA-97-658)

Submitted: October 30, 1998

Decided: November 16, 1998

Before MURNAGHAN and MOTZ, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed as modified in part, and vacated in part and remanded by
unpublished per curiam opinion.

_____

**COUNSEL**

James Francis, Donna Francis, Appellants Pro Se. Daniel T. Balfour, BEALE, BALFOUR, DAVIDSON, ETHERINGTON & PARKER, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants appeal from the district court's order dismissing their seventeen count complaint without prejudice for failure to exhaust state remedies. We affirm as modified in part, and vacate in part, and remand.

Appellants contend that the Defendants' denial of a religious exemption to Virginia's compulsory school attendance statute* and the corresponding requirement that Appellants' children return to school violate their right to free exercise of religion under the First Amendment. They also allege that the procedures employed by Defendants violated their rights to procedural due process. The district court noted that Va. Code Ann. § 22.1-87 (Michie 1997) provides relief in the form of judicial review from school board decisions and thus dismissed the Appellants' action without prejudice for failure to exhaust.

We conclude that this dismissal for failure to exhaust was in error. In <u>McNeese v. Board of Education</u>, 373 U.S. 668, 671 (1963), the Supreme Court reiterated that relief under 42 U.S.C.A. § 1983 (West Supp. 1998) may not be defeated because relief was not first sought under state law. <u>See McCray v. Burrell</u>, 516 F.2d 357, 361-62 (4th

_____

*Va. Code Ann. § 22.1-257(B)(2) (Michie 1997).

2

Cir. 1975). Thus, Appellants' claims cannot be dismissed simply because they failed to take advantage of state-provided relief from an adverse school board decision.

Despite this determination, we affirm the dismissal of claims (1), (2), (4)-(6), and (8)-(17), but modify the court's order to reflect dismissal with prejudice. Claims (1)-(2), and (4)-(6) fail to state a claim on the facts alleged and claims (8)-(17) allege crimes rather than civil causes of action. While we express no opinion as to the merits, we conclude that claims (3) and (7), asserting the due process and free exercise violations, may be viable claims.

In Claim 3, Appellants assert that they were deprived of a liberty interest without due process because they were not provided notice and an opportunity to be heard prior to the school board's decision denying them a religious exemption. The record before us is insufficient to ascertain whether the Appellants received sufficient notice of the school board's hearing. We therefore vacate the district court's order as to that claim and remand for further proceedings.

In Claim 7, the Appellants assert that the Defendants conspired to deprive them of their right to free exercise of religion in violation of 42 U.S.C. § 1985 (1994). Reading the Appellants' complaint in its entirety, we conclude that it may adequately allege a free exercise claim under § 1983. See Cruz v. Beto, 405 U.S. 319, 322 (1972); Gordon v. Leeke, 574 F.2d 1174, 1151 (4th Cir. 1978). We therefore vacate the district court's order as to Appellants' allegation that denial of a religious exemption under Va. Code Ann. § 22.1-257 violated their First Amendment right to the free exercise of religion under § 1983 and remand that claim to the district court for further proceedings.

Accordingly, we affirm the district court order as modified in part, vacate it in part, and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

AFFIRMED AS MODIFIED IN PART;
VACATED IN PART AND REMANDED

3